[Civ. No. 16304. Second Dist., Div. Two. Apr. 8, 1948.]

GEORGE OLMOS, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants.

C. W. Cornell, O. O. Collins, John R. Allport and Randolph Karr for Appellants.

Arlo E. Rickett, Jr., for Respondent.

McCOMB, J.—From an order granting plaintiff's motion for a new trial in an action to recover damages for personal injuries resulting from a collision between an automobile operated by plaintiff and a passenger train of corporate defendant, defendants appeal.

These are the undisputed facts:

Plaintiff's attorney, whose office was located in the courthouse building in Pomona, which building is situated within 200 feet of the railroad tracks upon which trains of corporate defendant are operated, filed an action for personal injuries against corporate defendant arising from a collision between an automobile operated by plaintiff and one of said defendant's trains.

At the time of the filing of the complaint, plaintiff's attorney requested[1] that the action be transferred to the Pomona department of the superior court for trial. Thereafter the case was called for trial before a jury in the courthouse building of the superior court located in the city of Pomona.

The accident occurred during a fog, and among other questions involved was the amount of noise arising from the operation of corporate defendant's trains. Frequently during the trial trains of said defendant passed on the adjacent track, and on several occasions it was necessary due to the noise to recess the trial for several minutes until the trains had passed.

During the cross-examination of plaintiff he was asked and answered without objection the following question:

---

[1] At the time of filing the complaint, plaintiff's attorney filed a certificate for assignment of the action which read in part as follows: "This is to certify that the above entitled action is entitled to be transferred to the Pomona 'A' Department of the Superior Court of Los Angeles County, . . ."

"Q. Have you been able to hear these trains go by today while we were on trial? A. Yes, I heard them."

Again during the course of the argument to the jury, counsel for defendant made reference to the noise of the trains in the vicinity of the courtroom. No objection was made to such reference in the argument. Thereafter a verdict was rendered in favor of defendants.

Plaintiff later made a motion for a new trial upon the following grounds: (1) irregularity in the proceedings, (2) insufficiency of the evidence, and (3) that the verdict was contrary to the law and facts in that there was no evidence to show that plaintiff was guilty of contributory negligence. The motion was granted as to the first ground[2] and denied as to the second and third grounds.

---

[2]The trial court in granting the motion for a new trial filed the following memorandum:

"Memorandum Ruling Upon Motion by Plaintiff for New Trial.

"Motion for new trial is granted on the following ground:

"Irregularity in the proceedings of the court and an adverse party by which the plaintiff was prevented from having a fair trial.

"This ground for new trial was supported by affidavit of plaintiff's attorney.

"This court is of the definite opinion, after very careful consideration of the matter that no personal injury case where the defendant is a railroad company can be given a fair trial in the Pomona Department of the Superior Court. This judge presided in the Pomona Department during the month of June, 1947, and would estimate that at least 30 minutes is lost on each trial day in said department by reason of the necessity of recessing the court 10 or 15 times each day, for several minute intervals, in order to permit trains of both the Southern Pacific Company and the Union Pacific to pass by the courtroom which is located on the top floor of a six story building within about 200 feet of the railroad tracks and on the side of the building facing said tracks.

"The unfairness of conducting the trial in the Pomona Department is aggravated in this particular case by the following facts:

"(1) Counsel for defendant when cross-examining plaintiff and again in his closing argument to the jury alluded to the noise made by the passing trains.

"(2) In the court's opinion the defendant was clearly guilty of negligence and the only real issue for the jury to determine was that of contributory negligence. In reaching its verdict as to contributory negligence the noise or lack of noise made by the approaching train was a very important factor. The engineer testified that the train was coasting on a down grade ('I didn't use any power at all—it was drifting') in an extremely heavy fog, where the visibility was around thirty-five to forty feet, at a speed of approximately sixty miles per hour.

"Unfortunately the court did not think of the unfairness of the place of trial until the plaintiff made his motion for a new trial which of course was after the jury rendered its verdict.

"The court is definitely of the opinion that the place of trial prevented the plaintiff from having a fair trial and therefore the motion of plaintiff for a new trial is granted."

■ This is the sole question presented for our determination:

*By failing to object to the alleged irregularity, that is, (a) asking plaintiff if he were not able to hear the trains as they passed at the time of the trial, and (b) by defendant's counsel's alluding in his argument to the jury to the noise made by the passing trains, did plaintiff waive the right to urge such alleged error as an irregularity which entitled him to a new trial?*

This question must be answered in the affirmative, and is governed by this rule: A party litigant is deemed to have waived matters constituting grounds for a new trial which come to his attention during the course of the trial, or of which he should by the exercise of reasonable diligence have acquired knowledge, where he fails to make objection at the time of the occurrence and seek to have the defect cured. (*Kershaw* v. *Tilbury*, 214 Cal. 679, 690 et seq. [8 P.2d 109]; *Sheehan* v. *Hammond*, 2 Cal.App. 371, 374 [84 P. 340]; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, 253 [116 P. 513]; Civ Code, § 3516[3]. See also 39 Am.Jur., 1942, New Trial, p. 39, § 14.)

■ The foregoing rule is applicable to the facts in the instant case, and it is evident that plaintiff has waived the right to urge on his motion for a new trial the fact that it was a prejudicial irregularity to hold the trial in the Pomona courthouse which was located less than 200 feet from the railroad tracks of the corporate defendant, for the reason that his attorney, having his offices in the courthouse building, obviously knew of the noise that the passing trains made; that in spite of this knowledge he requested that the case be tried in Pomona, and failed to object during the trial to either the question asked of plaintiff relative to the noise made by the passing trains or to the argument of defendant's counsel to the jury in which he referred to them.

The order is reversed.

Moore, P. J., and Wilson, J., concurred.

---

[3]Section 3516 of the Civil Code reads thus:
"Acquiescence in error takes away the right of objecting to it."